UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

Twenty-Two Thousand One Hundred
Eighty-Five Dollars ($22,185.00)
in U.S. Currency; One (1) Men's
Oyster Perpetual Datejust Rolex Watch,
Model 178240, Serial No. M173257,

        Defendants *in rem*.

Civil No. 2:17-cv-12072
Hon. Stephen J. Murphy III

---

**Motion for Entry of Default Judgment Against All Interested Parties and Final Order of Forfeiture of Two Thousand Dollars ($2,000) in U.S. Currency**

---

The United States of America, by and through its undersigned attorneys, hereby moves for entry of a default judgment and final order of forfeiture against Jackie Terrell-Simon, Rufus Harry Simon, Jr., and all other interested parties, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as to Two Thousand Dollars ($2,000) in U.S. Currency only, which represents a portion of the Defendant *in* rem, Twenty-Two Thousand One Hundred Eighty-Five Dollars ($22,185.00) at issue in this forfeiture action.

Default Judgment and Final Order of Forfeiture are proper because no one

has filed a Claim for the remaining Two Thousand Dollars ($2,000) in U.S. Currency. Therefore, the United States requests entry of Default Judgment in favor of the United States and Final Order of Forfeiture of the Two Thousand Dollars ($2,000) in U.S. Currency <u>only</u>. A brief in support accompanies this Motion. A Declaration of Majority, Non-Incompetence, and Non-Military Status is also being filed in support of this Motion.

Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney

s/Adriana Dydell
Adriana Dydell
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-9185
CA Bar No. 239516
adriana.dydell@usdoj.gov

Dated: February 17, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

v.

Twenty-Two Thousand One Hundred
Eighty-Five Dollars ($22,185.00)
in U.S. Currency; One (1) Men's
Oyster Perpetual Datejust Rolex Watch,
Model 178240, Serial No. M173257,

       Defendants *in rem*.

Civil No. 2:17-cv-12072
Hon. Stephen J. Murphy III

---

**Brief in Support of United States' Motion for Entry of Default Judgment Against All Interested Parties and Final Order of Forfeiture of Two Thousand Dollars ($2,000) in U.S. Currency**

---

### Issue Presented

Whether the United States is entitled to a Default Judgment against all interested parties and Final Order of Forfeiture of Two Thousand Dollars ($2,000) in U.S. Currency <u>only</u>, which represents a portion of the Defendant *in rem* Twenty-Two Thousand One Hundred Eighty-Five Dollars ($22,185.00) at issue in this Forfeiture Action?

Response: Yes.

# Pertinent Authorities

## Federal Cases

*United States v. Currency $267,961.07, et al*, 916 F.2d 1104 (6th Cir. 1990)

*United States v. One 2001 Cadillac DeVille Sedan*, 335 F.Supp.2d 769 (E.D. Mich. 2004)

*United States v. Vehicle 2007 Mack 600 Dump Truck*, 680 F. Supp. 2d 816 (E.D. Mich. 2010)

## United States Code

21 U.S.C. § 881

## Federal Rules of Civil Procedure

Rule 55

## Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions

Rule G

In support of its motion, Plaintiff relies on Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rules G(2), G(4), and G(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions.

## Statement of Facts

On July 25, 2017, Rufus Harry Simon, Jr., filed a claim for Twenty Thousand One Hundred Eighty-Five Dollars ($20,185.00) (ECF No. 6) and the parties have resolved this action as to that portion of the Defendant *in rem*. The Court entered a Stipulated Consent Judgment related to the funds claimed by Mr. Simon on February 8, 2021. (ECF No. 20). Further, on January 26, 2021, Plaintiff filed a Motion to Dismiss Defendant *in rem* One (1) Men's Oyster Perpetual Datejust Rolex Watch, Model 178240, Serial No. M173257 because it was forfeited in a parallel criminal action. Therefore, Plaintiff is only seeking default of the unclaimed Two Thousand Dollars ($2,000) in U.S. Currency, which represents a portion of the Defendant *in rem*, Twenty-Two Thousand One Hundred Eighty-Five Dollars ($22,185.00). For the remainder of this Motion and Brief in Support, the Two Thousand Dollars ($2,000) in U.S. Currency shall be referred to as the "Subject Property."

Federal agents seized the Subject Property during execution of a federal search warrant, on or around February 2, 2017, at a residential address located at 17701 Veronica Avenue, Eastpointe, Michigan.

2

On June 26, 2017, the United States filed a verified Complaint For Forfeiture pursuant to Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (ECF No. 1).

On June 27, 2017, a Warrant of Arrest and Notice *in Rem* was issued against Defendant *in rem* Twenty-Two Thousand One Hundred Eighty-Five Dollars ($22,185.00) in U.S. Currency, which includes the Subject Property. (ECF No. 3).

Plaintiff served the Complaint and Warrant of Arrest and Notice *in Rem* on individuals who reasonably appeared to be potential claimants as further described below and filed a Certificate of Service with the Court on June 28, 2017 (ECF No. 4).

On June 28, 2017, Plaintiff served copies of the Complaint for Forfeiture and Warrant of Arrest and Notice *in Rem* by first class and certified mail on potential claimant Jackie Terrell-Simon at 17701 Veronica Avenue, Eastpointe, Michigan 48021 because the Subject Property was seized from her home (ECF No. 4). Plaintiff received back the signed certified mail green card showing that it was received by Rufus Simon at the Veronica Avenue address on or about July 1, 2017. (ECF No. 18-2). In addition, the first class mail sent to Jackie Terrell-Simon at the same address was not returned to Plaintiff by the United States Postal Service ("USPS") (ECF No. 18, PageID.56).

On June 28, 2017, Plaintiff served copies of the Complaint for Forfeiture

3

and Warrant of Arrest and Notice *in Rem* by first class and certified mail on potential claimant Rufus Harry Simon, Jr., at 17701 Veronica Avenue, Eastpointe, Michigan 48021 because the Subject Property was seized from his home (ECF No. 4). Plaintiff received back the signed certified mail green card showing it was received by Rufus Simon at the Veronica Avenue address on or about July 1, 2017. (ECF No. 18-3). In addition, the first class mail sent to Rufus Harry Simon, Jr., at the same address was not returned to Plaintiff by USPS (ECF No. 18, PageID.57).

Pursuant to Rule G(4) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, Plaintiff published Notice of Civil Forfeiture on an official government internet site for at least 30 consecutive days beginning November 21, 2020. Plaintiff filed a Declaration of Publication with the court on January 25, 2021 (ECF No. 15).

Under Supplemental Rule G(5), any person claiming an interest in the Subject Property must file a verified claim with the court by the time stated in the direct notice or within 30 days of the final date of publication, and file an answer to the complaint or Rule 12 motion within 21 days of filing a verified claim.

As described above, Rufus Harry Simon Jr., filed a verified claim for Twenty Thousand One Hundred Eighty-Five Dollars ($20,185.00) (ECF No. 6). However, no person or entity has filed a verified claim for the remaining Subject Property and the time to file a verified claim has expired.

Plaintiff searched for Jackie Terrell-Simon and Rufus Harry Simon, Jr., using the Servicemembers Civil Relief Act (SCRA) website. Based on the search results, neither of these individuals is on active duty with the United States Military. Based on information and belief, neither of these individuals is a minor or an incompetent person (*see* accompanying Declaration of Majority, Non-Incompetence, and Non-Military Status).

A Clerk's Entry of Default was requested by Plaintiff and was entered by the Clerk of the Court on February 4, 2021 as to the whole Defendant *in rem,* Twenty-Two Thousand One Hundred Eighty-Five Dollars ($22,185.00) (ECF No. 19). However, Plaintiff is seeking the entry of a default judgment against Two Thousand Dollars ($2,000) in U.S. Currency only, which represents the unclaimed portion of the Defendant *in Rem*, Twenty-Two Thousand One Hundred Eighty-Five Dollars ($22,185.00).

Accordingly, the entry of a default judgment against all interested parties as to the Subject Property only, is warranted.

## Argument

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") and the Supplemental Rules govern procedure in civil forfeiture actions *in rem* commenced by the United States. 18 U.S.C. § 983; Fed. R. Civ. P. Supp. Rule G(1). To the extent the Supplemental Rules do not address an issue, Rule G(1) states that, "the

5

Federal Rules of Civil Procedure also apply" to civil forfeiture actions *in rem.*

A claimant wishing to contest a forfeiture action brought by the United States must have both Article III standing and statutory standing. *United States v. One 2001 Cadillac Deville Sedan*, 335 F. Supp. 2d 769, 772 (E.D. Mich. 2004) *citing United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497 (6th Cir. 1998).

To have statutory standing, a claimant must strictly comply with the Supplemental Rules. *United States v. Vehicle 2007 Mack 600 Dump Truck*, 680 F. Supp. 2d 816, 822 (E.D. Mich. 2010) (holding that "[s]tatutory standing is established through strict compliance with Supplemental Rules G(5) and G(6)"). A claimant must also demonstrate Article III standing as evidenced by "a legally cognizable interest in the defendant property." *One 2001 Cadillac Deville Sedan*, 335 F. Supp. 2d at 772 *quoting United States v. Currency $267,961.07*, 916 F.2d 1104, 1107 (6th Cir.1990). "[F]ailure to satisfy both the Article III and statutory standing requirements precludes a claimant from contesting a government forfeiture action." *One 2001 Cadillac Deville Sedan*, 335 F. Supp. 2d at 772 *citing Currency $267,961.07*, 916 F.2d at 1108.

Rule G(5) of the Supplemental Rules mandates that any person wishing to assert an interest in property which are being sued as a Defendant *in rem* in a federal civil forfeiture action, must file a timely claim and answer:

6

>
> (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).
>
> (ii) Unless the court for good cause sets a different time, the claim must be filed: (A) by the time stated in a direct notice sent under Rule G(4)(b); (B) if notice was published but direct notice was not sent to the claimant or the claimant's attorney, no later than 30 days after final publication of newspaper notice or legal notice under Rule (G)(4)(a) or no later than 60 days after the first day of publication on an official internet government forfeiture site...

Fed. R. Civ. P. Supp. Rule G(5)(a)

Furthermore, Rule G(5)(b) provides, in part, that "[a] claimant must serve and file an answer to the complaint . . . within 21 days after filing the claim."

In this case, no one has filed a verified claim for Two Thousand Dollars ($2,000) of the Defendant *in rem* Twenty-Two Thousand One Hundred Eighty-Five Dollars ($22,185.00), despite the requirements of Supplemental Rule G(5). The direct notice mailed to Jackie Terrell-Simon and Rufus Harry Simon, Jr., was dated June 28, 2017, and required that a claim be filed within 35 days of the date of notice (in this case, by August 2, 2017). Because no one has filed a claim to the Subject Property, no one has statutory standing as to the Subject Property. *Currency $267,961.07*, 916 F.2d at 1108 ("claimant's failure to strictly adhere to Supplemental Rule C(6) [precursor to current Rule G(5)] precludes the requisite

7

statutory standing to contest a government forfeiture action"). Lack of statutory standing warrants the entry of a default and a default judgment. *One 2001 Cadillac Deville Sedan,* 335 F. Supp. 2d at 773.

Default judgment is appropriate where the party against whom relief is sought has failed to plead or otherwise defend against the civil action. Fed.R.Civ.P. 55(a). In this case, no one has asserted any claim of ownership or interest in the Subject Property and no one has filed any Claim or an Answer to the Complaint for Civil Forfeiture. Thus, the United States asserts that a default judgment of forfeiture against the Subject Property only, is appropriate under the Federal Rules of Civil Procedure and the Supplemental Rules.

## Conclusion

The United States requests entry of default judgment against all interested persons, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure with respect to any right, title and interest anyone had, has, or might have in the Subject Property only, and requests a final order of forfeiture of the Subject Property to the United States of America for disposition according to law.

8

                                        Respectfully, submitted,

                                        Saima S. Mohsin
                                        Acting United States Attorney

                                        s/ADRIANA DYDELL
                                        Assistant U.S. Attorney
                                        211 W. Fort St., Ste. 2001
                                        Detroit, MI 48226
                                        (313) 226-9125
                                        CA Bar No. 239516
Dated: February 17, 2021            E:mail: Adriana.dydell@usdoj.gov

## Certification of Service

I hereby certify that on February 3, 2021, the Request to Clerk for Entry of Default and Declaration of Adriana Dydell was filed, and on February 17, 2021, the Motion for Entry of Default Judgment and Declaration of Majority, Non-Incompetence, and Non-Military Status was filed with the Clerk of the Court using the ECF system, which sent notice to all ECF filers.

I further certify that service of the Request to Clerk for Entry of Default, Declaration of Adriana Dydell, Clerk's Entry of Default (ECF Nos. 17, 18 and 19), the Motion for Entry of Default Judgment and accompanying brief, the Declaration of Majority, Non-Incompetence, and Non-Military Status, a proposed Order and this Certificate of Service has been made on February 17, 2021, upon the following non-ECF participants via certified and regular mail by placing the same in an envelope, postage prepaid, and depositing said envelopes in the United States Mail addressed as follows:

| | |
|---|---|
| Jackie Terrell-Simon<br>17701 Veronica Avenue<br>Eastpointe, MI 48021 | Rufus Harry Simon, Jr.<br>17701 Veronica Avenue<br>Eastpointe, MI 48021 |

                                                s/Adriana Dydell
                                                Adriana Dydell
                                                Assistant U.S. Attorney
                                                211 W. Fort St., Ste. 2001
                                                Detroit, MI  48226
                                                (313) 226-9125
Dated: February 17, 2021                     adriana.dydell@usdoj.gov